## TRASK *v.* STATE.

Feb. 16, 1953

No. 38605 20 Adv. S. 17 62 So. 2d 888

*Clay B. Tucker,* for appellant.

558

*J. T. Patterson,* Assistant Attorney General, for appellee.

ARRINGTON, J.

The appellant was indicted and tried for the murder of John Palmer. He was convicted of manslaughter and sentenced to the state penitentiary for a term of twelve years, from which judgment he appeals.

Briefly stated, the facts are as follows: On November 6, 1951, the deceased, John Palmer, and his wife, Charlotte

Trask Palmer, daughter of appellant, made a visit to the home of the appellant. The deceased helped the appellant cut wood that afternoon, and later, he and Roosevelt Trask, the son of appellant, went to the Town of Woodville to take a load of cotton, returning about 9 o'clock P. M. The deceased and Roosevelt Trask engaged in a fight a short distance from the home, and appellant's wife and the deceased's wife heard Roosevelt calling for help; they proceeded to where they were fighting and saw that the deceased, Palmer, had Roosevelt on the ground beating and choking him. Appellant's wife and the deceased's wife succeeded in getting Palmer off of Roosevelt; they got him in the car and it was the intention of Palmer's wife to carry him home, but he got out of the car, threatening to kill Roosevelt and jumped on him again, and was beating and choking him when the appellant arrived on the scene with his pistol. The two women grabbed the gun and asked the appellant not to shoot, but the gun fired, striking Palmer in the center of the head, from which wound he died shortly thereafter. According to the testimony, appellant made no effort to stop the fight, and it also shows that the deceased was not armed.

These facts on the part of the state were testified to by Roosevelt Trask, son of appellant, and Charlotte Palmer, his daughter. Neither the appellant nor his wife testified, the defense having rested without offering any testimony. The sheriff, Greene B. Morris, testified that he went to the home of appellant and arrested him, and that the appellant admitted shooting the deceased, and that as he took the gun, the appellant told him that "he had two more no-good son-in-laws to shoot."

The first assignment of error argued by the appellant is that the trial court erred in not limiting the verdict of the jury to manslaughter and in refusing a requested instruction that the appellant could only be guilty of manslaughter or justifiable homicide. Sec. 2225 of the Miss. Code of 1942 provides: "Every person who shall unnec-

essarily kill another, either while resisting an attempt by such other person to commit any felony, or to do any unlawful act, or after such attempt shall have failed, shall be guilty of manslaughter.''

The appellant cites a number of cases in which this section was construed in limiting a conviction to manslaughter, among them being Bangren v. State, 196 Miss. 887, 17 So. 2d 599, Cutrer v. State, 207 Miss. 806, 43 So. 2d 385. In these cases, the appellants were convicted of murder. Since appellant in the case at bar was convicted of manslaughter, these cases are not applicable. This Court has long held that where a defendant is convicted of manslaughter, he can not complain of the giving of a murder instruction as he was not prejudiced thereby. Crockerham v. State, 202 Miss. 25, 30 So. 2d 417. In the recent case of Knight v. State, 5 Adv. S. 24, 60 So. 2d 638, the Court said:  ██ █ ''By the same reasoning, an accused may not complain of the refusal of an instruction limiting the verdict to manslaughter when the jury have done that which such instruction would have required.'' See also Daniels v. State, 136 So. 725, and the same case on suggestion of error in 137 So. 338. There the Court held that although the appellant under the evidence could not have been convicted of a greater offense than manslaughter, that the granting of murder instructions was not reversible error, and quoting with approval from the case of Carter v. State, 99 Miss. 435, 438, 54 So. 734, as follows: ''We are relieved from any consideration of the instructions relating to the crime of murder, for the reason that appellant was convicted of manslaughter, and is, therefore, presumed not to have been prejudiced by any instructions relating to the crime of murder. See, also, Tabor v. State, 99 Miss. 830, 56 So. 171; McCoy v. State, 91 Miss. 257, 44 So. 814; Gregory v. State, 152 Miss. 133, 142, 118 So. 906.''

██ █ The appellant next argues that the court erred in granting the state an instruction on manslaughter as de-

fined in Sec. 2226, Miss. Code of 1942. The appellant's objection to this instruction is that the defense of the appellant was not self-defense, but in the defense of his son, and that it is in conflict with instructions granted appellant.

Appellant also complains of the following instruction granted the state: "The Court instructs the jury for the state that the law tolerates no excuse and accepts no provocation for the taking of human life upon the plea of the defense of another unless it be reasonably necessary to save the life of another or to save another from great bodily harm at the very time of the fatal shot. And in this case, if you believe from the evidence beyond a reasonable doubt that the defendant, Johnnie Trask alias John Trask, shot and killed John Palmer at a time when neither he nor his son, Roosevelt Trask, were in any eminent danger, real or apparent, of losing their lives or suffering great bodily harm at the hands of John Palmer, then the defendant, Johnnie Trask alias John Trask, is guilty either of murder or manslaughter; murder if he acted of his malice aforethought, and manslaughter if he acted without malice."

Taking all of the instructions both for the state and for the appellant, we do not think that the jury could have been misled by them. The latter instruction is practically identical to the one granted in the case of McGehee v. State, 138 Miss. 822, 104 So. 150, which was held not to be erroneous.

The recent case of Crawford v. State, 54 So. 2d 230, is a similar case to the instant case in that the appellant testified that he killed the deceased in order to protect his brother. There the Court said, with reference to instructions: "The appellant admitted that he killed the deceased with a pistol, which is a dangerous weapon. The instruction does not contain the clause 'not in necessary self-defense,' as provided by Section 2226, Code of 1942. But there was no contention that the appellant was acting

in his own self-defense. Neither does it contain the phrase 'not in necessary defense of another.' However, the appellant obtained thirteen instructions on that particular point. And while we would not approve the quoted instruction as a model, when it is considered with the instructions given for the appellant, a clear announcement of the law was given. McGehee v. State, 138 Miss. 822, 104 So. 150; Coward v. State, 158 Miss. 705, 131 So. 254, 257. The very principle complained about was elaborately and repeatedly announced in those instructions. Thomas v. State, 200 Miss. 220, 26 So. 2d 469; Johnson v. State, Miss., 46 So. 2d 924."

In the instant case, the appellant obtained twelve instructions which presented every phase of his defense. We do not think that the jury could have been misled.

The appellant next contends that the trial court erred in overruling his motion for a mistrial on account of the remarks made by the district attorney to the jury. The remarks objected to were: "That the district attorney in arguing to the jury said that when they saw this defendant coming, why did they catch him, because they knew this man was a killer, and I say to you do you want to turn a man such as that loose on this testimony, and on counsel for defendant objecting to argument and requesting a mistrial, the district attorney said let him take his bill of exceptions, Yes, I said it once I will say it again." We do not think that this argument was improper, especially in view of the facts in the case, including the statement that appellant made to the sheriff "that he had two more no-good son-in-laws to shoot." Callas v. State, 151 Miss. 617, 118 So. 447; Gray v. State, 90 Miss. 235, 43 So. 289; Nelms & Blum Co. v. Fink, 159 Miss. 372, 131 So. 817.

The last assignment argued is that the court erred in refusing the requested peremptory instruction and that the verdict of the jury is contrary to the law and the evidence in the case. We are of the opinion that there is no merit in this assignment, as under the facts in this case,

the evidence is ample to support the verdict of man-slaughter.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes,* and *Lotterhos, JJ.,* concur.