RICHEY *v.* STATE.

April 26, 1954

No. 39155 62 Adv. S. 11 72 So. 2d 152

*Ramon L. Burgess,* Tupelo, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant Curtis Richey was indicted for murder and was convicted of manslaughter in the Circuit Court of Lee County.

Appellant contends that the verdict of the jury is not supported by the evidence and is against the great weight of it. But we think that the record amply supports the conviction. The State's case, which the jury manifestly accepted, was supported by two eyewitnesses and another person who did not see the actual stabbing, but was present at the preliminaries. According to this version, appellant was angered at J. B. Jones, because of a common interest in the same woman. At a time when he was not in any immediate or apparent danger of great bodily harm and when Jones was unarmed, appellant turned sharply and stabbed Jones who was walking with others behind Richey. On the other hand, appellant contended

that he acted in necessary self-defense; that both he and Jones had open knives and were cursing each other; and that when he was walking away from Jones the latter stabbed at him and cut the back of his shirt, in response to which Richey turned and in necessary self-defense killed him. ▮▮▮ This conflicting testimony was for the consideration of the jury, which found against appellant.

▮▮▮ Richey also complains of instructions given the State on the theory of murder. But appellant was convicted of manslaughter, and it has been held many times that one who is convicted of manslaughter cannot complain of the giving of a murder instruction, as he was not prejudiced by it. Crockerham v. State, 202 Miss. 25, 30 So. 2d 417 (1947); Denham v. State, 67 So. 2d 445 (Miss. 1953). ▮▮▮ Nor was there any error in refusing appellant certain requested instructions on self-defense, since he was given four detailed instructions on that theory. Refusal of defendant's instruction concerning his right to use a deadly weapon in self-defense was correct. Molphus v. State, 124 Miss. 584, 597, 87 So. 133 (1920); Durham v. State, 158 Miss. 833, 842, 131 So. 422 (1930). The sufficiency of appellant's defense was amply submitted to the jury.

▮▮▮ It is contended that certain arguments of the district attorney to the jury were reversible error. We have given this point careful consideration, and have concluded that under the facts and circumstances the argument, although improper, did not prejudice appellant's rights. The weight of the evidence would indicate that the offense committed was murder rather than manslaughter, but the jury convicted appellant of manslaughter with a recommendation of mercy. The trial court instructed the jury to disregard the most objectionable part of the argument complained of, and the balance of it had some basis in fact. So we do not think that appellant suffered any prejudice from the argument in question. Rule 11, Mississippi Supreme Court; Herrin v.

State, 201 Miss. 595, 602, 29 So. 2d 452 (1947); Pitts v. State, 211 Miss. 268, 51 So. 2d 448 (1951).

Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Arrington, JJ.,* concur.