PICKERT *v.* STATE

No. 41019          December 1, 1958          106 So. 2d 681

*Howard A. McDonnell,* Biloxi; *Karl Wiesenburg,* Pascagoula, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

McGehee, C. J.

On December 28, 1957, the appellant, C. C. Pickert, shot and killed one Charles Revis at the Rigby Trailer Court at Ocean Springs in Jackson County. He was indicted for murder, but was convicted of the crime of manslaughter and sentenced to serve a term of two years in the state penitentiary, and from that conviction and sentence he prosecutes this appeal.

The assignments of error relied upon for a reversal are: (1) That the verdict of the jury is contrary to the overwhelming weight of the evidence and the law; (2) That the trial court erred in the refusal of certain instructions requested by the appellant and in granting certain instructions obtained by the State; (3) That the court erred in overruling the objections made by the appellant to portions of the evidence; and (4) That the court erred in overruling the appellant's motion for a new trial.

On the date of the killing the appellant and the victim of the shooting were residing in their respective trailers at the Rigby Trailer Court where each of them had been

assigned respective parcels of land on which to store their trailers in close proximity to each other. The appellant was residing alone in his trailer, and Mr. and Mrs. Revis were residing in a trailer next to that of the appellant. The latter had obtained permission from Mr. Rigby, the owner of the trailer court, to move his trailer until he could park an old trailer that he had acquired for storage purposes in back of where the trailer in which he lived was stationed. The proof disclosed that he intended that after he placed the old trailer in back of his other one to leave them in the space which had been assigned to him; but that Revis who was planning to go fishing that day evidently thought that the appellant was going to move his trailer in which he lived backward to such an extent that the same would block the path of the Revis trailer; that thereupon Revis approached the appellant and inquired, "What are you going to do, move this trailer?" And to which inquiry the appellant replied in the affirmative and stated to Revis that he had obtained permission from Mr. Rigby to move the trailer in which the appellant lived; that Revis forbade his doing so and that an altercation ensued in which Revis struck the appellant a severe blow on the back of his head and neck; that thereupon Mrs. Revis left the Revis trailer and went to the scene of the difficulty, caught her husband by the arm and induced him to return to his own trailer with her, and that she requested the appellant to go on into his own trailer and stay there; that the appellant went into his trailer, closed the door and locked it, but then got his .22 caliber rifle and came back to near where he had started in the first instance to jack-up his own trailer to move it; that when the appellant reappeared on the scene with his rifle, Mr. and Mrs. Revis had arrived at the top of the steps leading into their trailer; that upon seeing the appellant with his rifle, Mr. Revis told him in substance that "You haven't got the nerve to shoot me;" that Mrs. Revis endeavored to get her husband to go on into their

trailer and that he wouldn't do so but stood on the top step at the door of his trailer with his back turned toward the same ; and that thereupon the appellant raised his rifle and shot Revis in his cheek, and that thereupon Revis fell forward onto the ground and died later during the day.

Other persons in nearby trailers heard the quarreling between the two men, and some of them said that they saw Revis chasing the appellant around his trailer before Mrs. Revis caught him and induced him to return to his own trailer, but the appellant testified he did not observe Revis chasing him since he was going toward his trailer door after he had been hit by Revis.

The proof disclosed that the appellant weighed about 150 pounds and was 79 years of age and that Revis was a younger man approximately 6 feet in height and weighed, according to the different estimates of the witnesses, from 180 to 210 pounds.

The proof disclosed that Revis was an ex-rancher from Texas, and the appellant testified that he was afraid of Revis. However, the appellant testified at the trial in his own behalf and stated that he got his rifle for the purpose of going back to his trailer to jack it up and move it, and that he carried the weapon out there for protection against the efforts of Revis to prevent him from moving the trailer. The proof further disclosed that Revis was unarmed and that he was standing on the top step of the entrance to his trailer at the time he was shot by the appellant from a distance stated by the appellant to be 12 feet to 15 feet and by certain State witnesses to be at a greater distance.

The appellant testified that when he appeared again on the scene carrying his rifle, that Revis pushed his wife out of the way and started toward the appellant. However, Mrs. Revis denied that her husband had made any move toward the appellant and that she had asked him

two or three times not to shoot her husband before he fired the shot.

We think that under all of the facts and circumstances, the testimony presented an issue for the jury as to whether or not the appellant fired the shot in his necessary self-defense at a time when he was in danger, either real or apparent, of losing his life or sustaining great bodily harm at the hands of Mr. Revis.

The State obtained an instruction which submitted to the jury the issue of whether or not the appellant was guilty of murder or manslaughter. The defense also obtained an instruction on the issue of manslaughter, but the appellant urges here that the trial court was in error in refusing him an instruction limiting the issue to that of manslaughter, and in submitting to the jury the issue of murder, since it is the position of the appellant that he could not have been guilty of a greater offense than that of manslaughter under all of the facts and circumstances of the case.

However, this Court has repeatedly held that the defendant who has been convicted of manslaughter, may not complain at the giving of a murder instruction. Cockerham v. State, 202 Miss. 25, 30 So. 2d 417; Gregory v. State, 152 Miss. 133, 118 So. 906; Carter v. State, 99 Miss. 435, 54 So. 734; Knight v. State, 215 Miss. 251, 60 So. 2d 638; Rogers v. State, 227 Miss. 609, 76 So. 2d 702; and Denham v. State, 218 Miss. 423, 67 So. 2d 445.

The appellant relies on such cases as Bangren v. State, 196 Miss. 887, 17 So. 2d 599 and 198 Miss. 359, 22 So. 2d 360, and Williams v. State, 122 Miss. 151, 84 So. 8. But, in the *Bangren* case the appellant was convicted on the first trial of murder and upon appeal, this Court held that the crime should have been limited by the instruction to manslaughter, since she killed her victim in defense of her habitation. The *Bangren* case and other similar holdings of this Court may be applicable in the determination of the question of whether the conviction should be re-

versed if the accused had been convicted of murder. But, in the instant case the jury did not adopt the theory that accused may have been guilty of murder, but the jury adopted the theory that the appellant here was only guilty of manslaughter. He cannot, therefore, complain of the granting of the instruction which submitted the issue of murder, since he was only convicted of manslaughter.

██ ██ We do not think that we would be justified in holding that the verdict of the jury in the instant case was against the overwhelming weight of the evidence. The testimony of Mrs. Revis as well as that of other witnesses introduced by the State amply justified the jury, if such testimony was adopted as being true, in finding that the appellant was not in imminent danger, either real or apparent, of losing his life or suffering great bodily harm at the hands of the victim at the time he fired the shot, in view of the distance which separated the two men at that time and in view of the testimony that the victim was unarmed and was not advancing toward the appellant when the latter shot him.

We have carefully considered all of the instructions granted unto both the State and the defense, and we are of the opinion that when all of the instructions are considered as a whole they fairly state the law as applicable to the facts in this case. The State's instructions were correct and the instructions for the accused set forth his theory of defense in as favorable a light as he was entitled to have the same presented to the jury.

We find no reversible error in the overruling of the objections of the defendant to any of the evidence offered by the State, and we are, therefore, of the opinion that the conviction and sentence should be affirmed.

Affirmed.

*Hall, Holmes, Ethridge,* and *Gillespie, JJ.,* concur.