SHANNON *v.* STATE.

No. 41307          November 9, 1959          115 So. 2d 293

*Arrington & Arrington,* Hazlehurst, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant Frank Shannon was convicted in the Circuit Court of Claiborne County of assault and battery with intent to kill Herbert Hedrick and sentenced to six years in the penitentiary.

 There was ample evidence to support the conviction. According to the State's witnesses, Hedrick had gone on a trip, and his wife Lillie Mae had a "date" with the defendant Shannon at the Hedrick home. The husband's car broke down, he returned unexpectedly, and Shannon ran out the back door, came around the house and shot Hedrick with a pistol. Hedrick was standing on his front porch when shot, had no knife or other weapon upon him, and was not threatening defendant. On the other hand, defendant, who admitted the stated circumstances preceding the shooting, claimed that Hedrick ran around the back of the house and chased him with a knife, so in necessary self-defense he shot him. Of course this conflicting evidence presented an issue of fact for the jury.

There was no error in the trial court refusing defendant's instruction No. 2. The first clause assumed that Hedrick was trying to cut Shannon with a knife. Moreover, defendant was granted two other instructions

setting forth his plea of self-defense. ▮▮▮ State's instruction No. 3 outlined properly the elements of the crime with which defendant was charged, and which the jury must find in order to convict him, and, in addition, contained the clause, ''and in manner and form as charged in the indictment.'' This phrase was improperly placed in the instruction. Ellis v. State, 33 So. 2d 838 (Miss. 1948). However, it was surplusage, since the instruction otherwise adequately defined the elements of the offense charged.

▮▮▮ The trial court refused appellant this instruction: ''The Court instructs the jury for the defendant that if the defendant Frank Shannon had been informed and believed that his life had been threatened, or that he was threatened with great bodily harm, he had a lawful right to carry a concealed deadly weapon. And the Court charges the jury further that while so armed he had the right to use the said deadly weapon in defense of his life, or himself from great bodily harm, from any attack made on him by Herbert Hedrick.''

The testimony as to Hedrick making any previous threats to Shannon is indefinite. Hedrick denied having made any. For defendant, L. E. Pattison was ambiguous, but indicated that people other than Hedrick had been saying that defendant might get shot for playing around with Hedrick's wife. Shannon did not say that Hedrick had threatened him directly. Hedrick had not even talked with him, but ''someone told me that he said it,'' namely, would kill him.

Appellant argues that refusal of this instruction was reversible error; and the jury had no alternative but to believe he was carrying a pistol in violation of the law. Yet, he says, Miss. Code 1942, Sec. 2081(a) provides that any person charged with carrying a concealed deadly weapon may show, as a defense, ''That he was threatened, and had good and sufficient reason to apprehend a serious attack from any enemy, and that he did so apprehend.''

A sufficient answer to this contention was given in Molphus v. State, 124 Miss. 584, 597, 87 So. 113 (1920). Appellant's conviction of murder was affirmed. The trial court gave him an instruction stating that a man is justified in carrying a concealed weapon if his life has been threatened and he had a sufficient reason to apprehend a serious attack from the enemy, etc. The trial court refused the following instruction: "The court instructs the jury for the defendant that the defendant had a right to carry a pistol to protect himself from loss of life or great bodily harm at the hands of Mr. Owen, providing the jury believe that the defendant reasonably believed that there was danger of such threats being executed." Holding this action was not error, the Court said: "This instruction received by the defendant was certainly all he could ask. The defendant was not on trial for carrying a concealed weapon, and the court was not required to instruct as to his right to carry a weapon. The court was here dealing with the use of the weapon and the lawfulness of the use, and not with the lawfulness of its being carried."

Durham v. State, 158 Miss. 833, 842, 131 So. 423 (1930), followed *Molphus*. The trial court refused to give an instruction that if the jury believed "that a short time before the difficulty, the deceased threatened to kill the defendant, then the defendant had a right under the law to procure a pistol and carry it." Citing *Molphus,* it was said this was not error, since defendant was not on trial for carrying a concealed weapon.

*Molphus* and *Durham* were again followed in Richey v. State, 220 Miss. 790, 72 So. 2d 152 (1954), where it was observed: "Refusal of defendant's instruction concerning his right to use a deadly weapon in self-defense was correct."

The *Richey* case did not cite Wood v. State, 165 Miss. 363, 373-374, 144 So. 545 (1932). *Richey,* decided in 1954, followed *Molphus* and *Durham*. In *Wood,* appellant was

convicted of manslaughter and on appeal the case was reversed and remanded. The trial court refused defendant an instruction, the first sentence of which was substantially similar to the instant one. The second sentence stated: ''And the court charges the jury further that while so armed, he had a lawful right to approach the deceased, Fleming, on any peaceable mission or purpose and to use the said deadly weapon in defense of his life, or himself from great bodily harm from an attack made upon him by Fleming.'' Without citing either *Molphus* or *Durham,* the Court noted it was important under the particular facts for the jury to understand that Wood had a right to approach Fleming in a peaceable manner, and the refused instruction should have been granted.

2 Alexander, Miss. Jury Instructions (1953), Sec. 4395 states that *Wood* can and should be limited to its peculiar, distinguishing facts; and that it was there deemed ''proper to disabuse the mind of the jury of any criminal purpose since the instruction joined the right to carry the weapon with the right to approach the deceased upon a peaceful mission, whereas, otherwise, his actions may have been construed as a hostile aggression.'' Judge Alexander observed that the subject matter of such an instruction could well be left to the reasoning powers of the jury and to the arguments.

We think *Molphus, Durham* and *Richey* state a sound principle of law. The accused was not on trial for carrying a concealed weapon, but for the use which he made of it. The requested instruction would simply be a comment upon the evidence. The decision in *Wood* should be limited to the peculiar circumstances of that case, where the instruction joined the right to carry the weapon with the right to approach deceased on a peaceful mission. The latter factor is nonexistent in the instant case. See also 94 C. J. S., Weapons, Sec. 9(d), p. 500. The

trial court properly refused defendant's requested instruction No. 1.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Gillespie, JJ.,* concur.