BRADY, Justice.
The appellant was indicted and tried for murder in the Circuit Court of Rankin County, Mississippi. He was found guilty of manslaughter and sentenced to serve a term of fifteen years in the state penitentiary. From this judgment this appeal is prosecuted. Controlling facts of the case are as follows.
*653 On November 13, 1966, a group of Negroes were “shooting dice” in the Jack Love Cafe in Rankin County. About 9:30 P.M. appellant, T. J. Bragg, joined the group and participated in the dice game. Shortly thereafter a dispute arose over the game between appellant and one Hillary Guyton. The appellant slapped Guy-ton and a fight took place between the two. Spectators separated the two men and shortly thereafter both men left the premises. Approximately fifteen minutes thereafter appellant kicked open the door of the Jack Love place and entered with a loaded shotgun. Most of the occupants took “French leave” or tried to talk the appellant out of using his cocked gun. Floyd B. Mims and the deceased, Willie Thompson Williams, were attempting to back out of the front door. Appellant asserted that he was going to kill Hillary Guyton, but upon finding Guyton not there he stated that he was going to kill somebody anyway. The deceased had his hands raised over his head and said, “Now what do you want to shoot me for — what is I ever did to you ?” The appellant then shot and killed the deceased. Appellant then went outside the cafe, got in his car and left.
Two assignments of error are urged on behalf of appellant, the first is that the trial court erred in granting instruction number two for the State, said instruction being fatally erroneous, and the second being that the evidence in the case was insufficient for the jury to convict appellant.
Insofar as the first assignment of error is concerned, we note that instruction number two is as follows:
The court charges the jury for the State that although malice and murder is what is called “malice aforethought,” yet there is no particular time during which it is necessary that it should have existed, or during which the defendant should have contemplated the homicide. If the intent to kill or to do some great bodily harm is executed the instant it springs into the mind, the offense is as truly murder as if it had dwelt there for a longer time, unless the jury believe from all the evidence, in the case that the killing was manslaughter or was done in necessary or apparently necessary self defense.
It is true that we criticized this type of instruction in Lindley v. State, 234 Miss. 423, 106 So.2d 684, 685 (1958), nevertheless, this error in the instruction in the case at bar was not a fatal one as we have repeatedly held that a defendant who has been convicted of manslaughter may not complain at the giving of a murder instruction. Boyd v. State, 253 Miss. 98, 175 So.2d 132 (1965); Pickert v. State, 234 Miss. 513, 106 So.2d 681 (1958); Rogers v. State, 222 Miss. 609, 76 So.2d 702 (1955); Richey v. State, 220 Miss. 790, 72 So.2d 152 (1954); Denham v. State, 218 Miss. 423, 67 So.2d 445 (1953); Trask v. State, 216 Miss. 557, 62 So.2d 888 (1953); Knight v. State, 215 Miss. 251, 60 So.2d 638 (1952); and cases cited therein.
Insofar as the second error assigned is concerned, it is difficult to imagine a more facinorous act which would establish a premeditated, cold-blooded murder. The jury would have been amply justified in finding the appellant guilty as charged, and both the appellant and his attorney should consider themselves fortunate indeed that the jury returned a verdict of manslaughter. Upon a retrial of this case the appellant properly could be convicted of murder. We find no reversible error in this cause and the jury having found the appellant guilty of manslaughter, we affirm the conviction and judgment of the trial court.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES, and SMITH, JJ., concur.