311 So.2d 339 (1975)
Ogie STUBBS, Jr.
v.
STATE of Mississippi.
No. 48434.
Supreme Court of Mississippi.
April 21, 1975.
Williams, Williams & Montgomery, Poplarville, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, INZER and WALKER, JJ.
*340 INZER, Justice:
Appellant Ogie Stubbs, Jr. was indicted, tried and convicted in the Circuit Court of Pearl River County for the crime of murder in the killing of James Bagley. Appellant was sentenced to life imprisonment in the State Penitentiary. From this conviction and sentence he appeals. We affirm.
On Saturday night, March 23, 1974, at about 7:30 appellant shot and killed James Bagley in the Banks Cafe in Picayune. The record reflects that this cafe is a combination beer joint and pool hall. The evidence on behalf of the state established that a short while before the killing, appellant and Bagley had an altercation in the rooming house next door to the cafe. This altercation resulted in Bagley shoving appellant from his room and knocking appellant down. They were separated and Bagley went into the cafe. He was seated on the side of a pool table when appellant entered the back door of the cafe. As appellant passed near where Bagley was seated, Bagley asked appellant if he was still mad at him. Appellant replied that he did not get mad. Appellant then went to the bar, ordered a bottle of beer, drank it and left through the front door. He was gone three or four minutes and when he returned, he entered the front door armed with a shotgun. He stepped inside the door, drew the shotgun and shot Bagley twice. At the time Bagley was shot he was seated on the side of a pool table with a bottle of beer in his hand. Bagley slumped over on the table and then fell off the pool table to the floor. He was rushed to the hospital, where he died a short time later. When the officers investigated the shooting, they found a pool of blood on the pool table and blood on the floor at the side of the table. No weapon was found at the scene of the shooting or in the possession of Bagley.
Appellant testified in his own behalf and said that he first saw Bagley on the day in question at about eight o'clock in the morning. At that time Bagley approached the table where he was eating breakfast and over his protest, Bagley ate part of his breakfast. Later that day, he and Bagley had some words in the cafe. Appellant said that Bagley and others were pouring beer on each other and his nephew was involved. Appellant remonstrated to his nephew relative to this type of conduct. Bagley interjected himself into the conversation, cursed appellant and asked him if he was too good to have beer poured on him. Appellant told Bagley that he did not engage in such activity.
Appellant said that sometime after this incident, he went to the rooming house next door looking for a friend. He heard noise coming from Bagley's room and entered. A dice game was in progress and the participants were smoking "grass." Appellant said that Bagley insisted that he take a puff, but he refused stating that he did not smoke "grass." Bagley then told appellant he owed him two dollars and when appellant replied that he did not, Bagley told him to get out of the room. When appellant started backing out of the room, Bagley grabbed him, pushed him out in the hall, and threw him to the floor. The others pulled Bagley off of him and when appellant started out the door, Bagley followed him, pulled a knife on him, slapped him and told him to go get his gun because "I'll kill one of you." Appellant said he then went to his car, got his shotgun for protection, and walked back to the cafe. When he entered the door Bagley was seated on the pool table facing him with his knife still in his hand. As soon as Bagley saw him he came up from the pool table and started charging towards him. At this time, he pulled up the shotgun and shot him, but Bagley kept charging, so he shot again. After the shooting, Fred Walker grabbed appellant and took the gun. Appellant and Fred Walker then left and went to the police station where he told the officers on duty that he had just shot a man.
It was from this conflicting evidence that the jury found appellant guilty *341 of murder. Appellant urges that this case must be reversed because the trial court granted two erroneous instructions at the request of the state. Appellant points out that one of the instructions is couched in the same language as the instruction we condemned in Pittman v. State, 297 So.2d 888 (Miss. 1974). However, appellant admits that he failed to object to the instructions as required by Mississippi Supreme Court Rule 42 (1971), but says that we should do in this case as we did in Toney v. State, 298 So.2d 716 (Miss. 1974), and hold that this is one of those extreme cases and waive the requirements of Rule 42. After careful consideration of this contention we find that this case is readily distinguishable from Toney, supra. In Toney the trial court refused the two self-defense instructions requested by Toney which made the instruction complained of in that case particularly harmful. However, in the case before us, the court granted at appellant's request two instructions relative to his right to act in self-defense. In addition thereto appellant requested and was granted an instruction telling the jury that it could not find him guilty of manslaughter. The court also instructed the jury at the request of appellant that the burden was upon the state to prove beyond every reasonable doubt and to a moral certainty that the killing was done wilfully, unlawfully, feloniously and with malice aforethought and not in necessary self-defense. Under these circumstances we are unable to see how the instruction complained of could have misled the jury in this case. This is not one of those extreme cases where we should waive the requirements of Rule 42.
Appellant further contends that the trial court erroneously refused to grant the following instruction:
The Court instructs the jury for the defendant that if the defendant had been informed and believed that his life had been threatened, or that he was threatened with great bodily harm, he had a lawful right to carry a deadly weapon. And the Court charges the jury further that while so armed, he had a lawful right to approach the deceased, James Bagley, on any peaceable mission or purpose and to use the said deadly weapon in defense of his life, or himself from great bodily harm from an attack made upon him by James Bagley.
Appellant cites and relies upon Wood v. State, 165 Miss. 363, 144 So. 545 (1932), wherein we held that it was error not to grant an identical instruction. However, we pointed out in Shannon v. State, 237 Miss. 550, 115 So.2d 293 (1959), that the decision in Wood, supra, should be limited to the particular circumstances of that case. We held that the instruction was a comment upon the evidence and was correctly refused in Shannon. The evidence in this case would not justify the granting of an instruction if it were not otherwise objectionable. There was no evidence that appellant was approaching deceased on a peaceful mission. Appellant testified that he went to the car and got his shotgun for protection and when he walked into the cafe the deceased immediately charged him with a knife. Appellant did not contend that he was approaching the deceased on a peaceful mission. The court correctly refused to grant the instruction.
Appellant also contends that the trial court was in error in refusing four other instructions which he requested. We find no merit in this contention. The elements in the refused instructions were all embodied in other instructions which were granted and would have been only cumulative and repetitious. Atterberry v. State, 261 So.2d 467 (Miss. 1972).
Appellant assigns as error the action of the trial court in admitting into evidence over his objection a statement made by appellant to the officers on the night of the shooting. It is contended that appellant was not fully advised of his constitutional rights and that the statement should not have been admitted in evidence. The *342 record reflects that prior to admitting the statement made by appellant, the trial court conducted a preliminary hearing out of the presence of the jury. Officer Gill testified that appellant was fully advised of his Miranda rights and that appellant said he understood his rights. Appellant voluntarily made an oral statement without any inducements, threats or promises and stated that he did not need a lawyer, but that when the statement was reduced to writing appellant refused to sign it. Appellant offered no testimony to refute the testimony of Officer Gill, consequently, the trial court correctly held that the statement was admissible in evidence. When the case was tried on the merits appellant testified on his own behalf and stated that he read the form listing his rights and no one threatened him or made him any promises. However, he testified that he told the officers that he did not want to make a statement until he had talked with the lawyer that his mother and sister were going to get for him. He said he did answer some questions asked by the officers in order for the officers to make out an arrest report. Appellant said he refused to sign the statement presented to him by the officers, because it had some things in it he did not say. He said the officer told him that he would take out anything that was wrong, but he told the officer it was useless because he would not sign anything until he talked with his attorney. After this testimony, appellant did not move to exclude the testimony of the officer relative to the statement and under the circumstances of this case, there was no duty on the part of the trial court of its own motion to exclude the statement made by appellant. It is only where an apparently competent confession has been admitted and it afterwards develops without dispute that the confession was not freely and voluntarily made is there any duty on the part of the court of its own motion to exclude the confession. Where, as here, the evidence is conflicting, there is no such duty. The trial court correctly held after preliminary inquiry that the confession was competent evidence and in the absence of a motion to exclude during the course of the trial, the testimony of the appellant only went to the weight and credibility of the confession. Jones v. State, 228 Miss. 458, 88 So.2d 91 (1956).
Finally, appellant urges that the verdict of the jury is against the overwhelming weight of the evidence and the trial court was in error in overruling his motion for a new trial. We find no merit in this contention. Although the testimony does reflect that deceased had been drinking on the day in question and that when drinking he had the reputation of being an overbearing and dangerous person, the testimony on behalf of the state established that appellant left the cafe after telling deceased he did not get mad, went to his car and got his shotgun, returned to the cafe, stepped just inside the door and shot Bagley twice at a time when Bagley was unarmed and making no move toward the appellant. In other words, the evidence on behalf of the state, if believed by the jury, established a clear case of murder. While the testimony of appellant, if accepted by the jury, made out a case of self-defense, it is the function of the jury to pass upon the question of disputed facts, and it is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. When as here, they have done so, we will not set aside a verdict of guilty unless it is clearly a result of bias, passion, prejudice, fraud or manifestly against the weight of the evidence. Cochran v. State, 278 So.2d 451 (Miss. 1973), and Cromeans v. State, 261 So.2d 453 (Miss. 1972).
After a careful review of the record in this case, we find no reversible error and this case must be and is affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.