THOMAS, J.,
for the court.
¶ 1. Terry Woodfin Gray was convicted in the Circuit Court of Jones County on a charge of sexual battery and was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections with five years suspended and five years probation after release. Aggrieved, Gray asserts the following issues on appeal:
I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, PARTICULARLY IN REGARDS TO THE FACT THAT PUTTING THE BEST LIGHT ON THE EVIDENCE AS PRODUCED BY THE STATE, THERE WAS NO WAY THE JURY COULD DETERMINE BEYOND A REASONABLE DOUBT THE GUILT OF THE DEFENDANT.
II. THE VERDICT OF THE JURY WAS BASED ON BIAS, SYMPATHY, OR PREJUDICE.
Finding no error, we affirm.
FACTS
¶ 2. Terry Woodfin Gray was married to the victim in 1979. They had two sons from this marriage. The Grays were divorced in 1984 but were remarried in 1996. This second marriage lasted approximately one year before it too ended in divorce. During the time they were divorced, Terry and the victim continued a sexual relationship. According to Terry, this ended in approximately August 1999, due to the victim’s illness. They did continue to stay in *1289 contact with each other because of their children.
¶ 3. By December 1999, the victim had been having some problems with Terry and had attempted to stay away from him. On December 3, 1999, Terry met the victim in front of their oldest child’s school. The victim left the school and did some Christmas shopping before returning to her home at approximately 3:30 that afternoon. She found her younger son working on his car in the driveway. At some point, her older son came into the house and then went back outside. The victim then heard a car leave and her older son came back inside, followed by Terry.
¶ 4. According to the victim’s testimony, the older son went to his room and Terry told the victim that she had been avoiding him and that he wanted to have sex with her. The victim claims to have protested. Terry sent the older son on a walk to get him out of the house, and told the victim that he was going to prove to her who had power over whom and that she would have to perform oral sex on him. The victim testified that she screamed and that he put his hand over her mouth. She also testified that she felt that it would be more exciting for him if she fought back. She claimed that she did push him away and tried to struggle some, but that Terry threatened to pull her hair and also to sodomize her. She testified that he had sodomized her before and that she was scared that he would do it again. Due to the fear from his threats, the victim performed oral sex on Terry and then had intercourse with him.
¶ 5. Terry testified that he had asked the victim whether she wanted to have sex with him and she had agreed. He testified that the victim liked rough sex, and that they got in an argument about his continuing to attend a church where they were both members after they had sex. Terry testified that the victim blamed him for the loss of her house and had threatened revenge on him, and that was the reason the victim would accuse him of sexually assaulting her.
¶ 6. After the victim got dressed, her son came in and saw her face was red. Terry and the son left and the victim immediately called her counselor and told him that Terry had forced himself on her and that she was going to the hospital. The victim called her sister-in-law who took her to the hospital. An investigator took a statement from the victim at the hospital and testified that she appeared upset and had been crying. The investigator picked up Terry for questioning, where Terry told him that he and the victim had consensual sex.
¶ 7. The victim was examined at the hospital and she told the doctor that she was sexually assaulted by her ex-husband at her home. She told him that he threatened to sodomize her and had pinned her down and forced her to have sex with him. The doctor testified that he found some abrasions and contusions on the victim’s right forearm and left lower leg. A forensic scientist testified that semen was found in a sexual assault evidence kit swab taken from the victim.
¶ 8. Terry was charged with sexual battery. In his defense, Terry called his son who testified that he had gone on a walk and had not seen or heard anything, and that his mother’s face was red and she was washing her hands in the kitchen when he returned to the house. The son testified that his mother’s face became red often when she was angry. Terry also called two members of the community to testify about his character. One of these had previously seen the silhouette of Terry and the victim in an “obvious sexual act” but had not witnessed anything on the day in question. Lastly, Terry took the stand in his own defense. At the conclusion of the *1290 trial, the jury returned a verdict of guilty of sexual battery.
ANALYSIS
I. WAS THE VERDICT OF THE JURY AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, PARTICULARLY IN REGARDS TO THE FACT THAT PUTTING THE BEST LIGHT ON THE EVIDENCE AS PRODUCED BY THE STATE, THERE WAS NO WAY THE JURY COULD DETERMINE BEYOND A REASONABLE DOUBT THE GUILT OF THE DEFENDANT?
II. WAS THE VERDICT OF THE JURY BASED ON BIAS, SYMPATHY, OR PREJUDICE?
¶ 9. Terry Gray argues that the jury verdict was against the overwhelming weight of the evidence, and that a reasonable juror could not have determined beyond a reasonable doubt that he was guilty of sexual battery. We will combine his second issue with the first because it does nothing but restate that the jury verdict was unreasonable by alleging that it was based on bias, sympathy, or prejudice. “We will not set aside a verdict of guilty unless it is clearly a result of bias, passion, prejudice, fraud or manifestly against the weight of the evidence.” Stubbs v. State, 311 So.2d 339, 342 (Miss.1975) (citing Cochran v. State, 278 So.2d 451 (Miss.1973); Cromeans v. State, 261 So.2d 453 (Miss.1972)).
¶ 10. “In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State.” Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain v. State, 625 So.2d 774, 781 (Miss.1993); Van Burén v. State, 498 So.2d 1224, 1229 (Miss.1986). It has also been established that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017(¶9) (Miss. 1999); Leuns v. State, 580 So.2d 1279,1288 (Miss.1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). “We will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.” Ford v. State, 753 So.2d 489, 490(¶ 8) (Miss.Ct.App.1999). “Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.” Hughes v. State, 724 So.2d 893, 896(¶ 14) (Miss.1998).
¶ 11. The State was required to prove that Terry Gray committed sexual battery, which is defined by Miss.Code Ann. § 97-3-95 (Rev.2000) as engaging in sexual penetration with another person without his or her consent. The victim testified that Gray engaged in such penetration and that she protested and pushed him away before finally complying due to his threats of sodomizing her. Testimony by the investigator and the treating physician established that she immediately reported the attack and that her actions were consistent with having been sexually assaulted.
¶ 12. This Court has recently held that “the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime.” Riley v. State, 797 So.2d 285, 288 (¶ 10) (Miss.Ct.App.2001)(quoting Collier v. *1291 State, 711 So.2d 458, 462(¶ 15) (Miss.1998)). This is exactly the case here. Accordingly, Gray’s assignments of error are without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND FIVE YEARS PROBATION AFTER RELEASE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.