RODGERS, Presiding Justice.
The appellant Ellie G. Irvin was indicted by the Grand Jury of Monroe County, Mississippi, on a charge of pointing, aiming and discharging a deadly weapon at and toward one Bobby McKay. He was con *242 victed and sentenced to serve a term of six months in the county jail and to pay a fine of five hundred dollars ($500.00). One-half of the fine and three months of the jail sentence were suspended.
The appellant has appealed from this judgment and now contends that the trial court was in error in granting an instruction defining the burden of proof in that the court failed to require the State to prove the guilt of the defendant to the exclusion of every other reasonable hypothesis consistent with defendant’s innocence. Moreover, it is said that the overwhelming weight of the evidence was against a verdict of guilt, therefore, the court should have directed a verdict of not guilty.
We have examined the testimony and instructions shown in the record on appeal, and we are convinced that the testimony presented a factual issue for the jury and that the instructions given the jury were proper.
The trial court does not restrict the State to instructions requiring proof of guilt beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis consistent with innocence, except in cases where the gist of the crime is based upon circumstantial evidence. Anderson v. State, 246 Miss. 821, 152 So.2d 702 (1963).
In the instant case there is substantial and sufficient eyewitness testimony to the crime of pointing and aiming a pistol at the prosecuting witness by the defendant — not in self-defense nor in the lawful discharge of official duty. It is true that these witnesses did not see the gun fire, but they heard it fire. Hearing is one of the five senses by which a witness may perceive another person’s actions. Moreover, in the instant case the defendant testified that he shot at the tires of the automobile in which the prosecuting witness made his escape. In order to sustain a conviction under Section 2013, Mississippi Code 1942 Annotated (1956) it is not necessary to show that the defendant shot at or intended to kill the prosecuting witness. It is only necessary to show that the defendant discharged the firearm “so intentionally pointed or aimed.”
The sentence and judgment of the trial court are affirmed.
Affirmed.
BRADY, PATTERSON, SMITH and SUGG, JJ., concur.