279 So.2d 161 (1973)
Kenneth POWELL
v.
STATE of Mississippi.
No. 47414.
Supreme Court of Mississippi.
June 5, 1973.
Rehearing Denied June 29, 1973.
Lawrence D. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice.
This eternal triangle case is proof that having an affair with another man's wife can be a dangerous adventure.
Indicted for the murder of Ira Hinton, Jr., and convicted of manslaughter in the Circuit Court of Perry County, Kenneth *162 Powell appealed to this Court. He contends that his conviction is contrary to the law and evidence.
Defendant went to a tavern looking for his wife. She was there. Ira "Night Hawk" Hinton, Jr., who had previously been out with defendant's wife, was also in the tavern. Defendant then went to his car and got a pistol and placed it in his pocket. As he walked toward the tavern his wife came out and sat down on a bench. "Night Hawk" followed and sat down beside her. Defendant approached them and asked his wife what she was doing with "Night Hawk up in her face." Defendant's wife told him that she was not going home, whereupon defendant slapped her. "Night Hawk" then said, "She's going with me, and you're not going to do a damn thing about it." Defendant, with gun in hand, struck "Night Hawk" on the side of the head, knocking him off the bench, then kicked him. As the unarmed "Night Hawk" was trying to get up, defendant hit him again and as he did so the gun fired. "Night Hawk" was mortally wounded.
Defendant argues that the testimony shows that the gun was fired accidentally, and, therefore, he is not guilty of manslaughter. He contends that he is exonerated by Mississippi Code 1942 Annotated section 2219 (1956), wherein it is provided that a killing shall be excusable "(b) when committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation." This section does not excuse an offense in the commission of which a deadly weapon is used. Wood v. State, 64 Miss. 761, 2 So. 247 (1887). Nor does it excuse the killing of a human being when done in the course of an unlawful act. Long v. State, 163 Miss. 535, 141 So. 591 (1932).
Affirmed.
SMITH, SUGG, WALKER and BROOM, JJ., concur.