302 So.2d 248 (1974)
Nelse MINOR
v.
STATE of Mississippi.
No. 48111.
Supreme Court of Mississippi.
October 28, 1974.
Robert L. Netterville, Natchez, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Nelse Minor was indicted for murder and tried in the Circuit Court of Adams County. He was convicted of manslaughter and sentenced to ten years in the state penitentiary. He argues for reversal that the trial court erred in giving an instruction on murder and one on manslaughter since this required a compromise verdict of manslaughter when the facts would permit no verdict other than acquittal by way of accident or a conviction of murder.
Clarence McMorris was killed by a pistol shot in close proximity to his heart. At the time he was engaged in an altercation with appellant's brother, Tet Minor. The appellant intervened by striking McMorris separating him from his brother and immediately thereafter his pistol fired, mortally wounding McMorris.
The jury was presented with conflicting evidence concerning the actual shooting. Willie King, Jr., testifying for the prosecution, stated that he heard the shot, turned and saw the weapon in the appellant's hand and that his arm was extended. When questioned whether appellant was pointing it he answered: "Well, it was coming down when I saw it." "Q. He was bringing it back?" "A. Yes, sir."
The appellant presented a witness who heard him say "Oh Lord, it's an accident" *249 immediately after the shot was fired. Lawrence Minor, another brother of the appellant, contradicted King's testimony, stating that McMorris had taken the pistol from the appellant and that during an ensuing struggle for the recovery of the weapon, it discharged killing McMorris. This witness stated the pistol was in McMorris' hand at the time it was fired.
The jury was thus presented an issue arising from conflicting testimony. It considered the evidence and resolved the conflict against the appellant. The jury being the sole judge of the weight and credibility of witnesses, we cannot say its verdict was in error. Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963).
We conclude there was no error in granting the murder and manslaughter instructions. A defendant convicted of manslaughter may not complain at the giving of a murder instruction. See Bragg v. State, 210 So.2d 652 (Miss. 1968), and the cases therein cited.
Moreover, the appellant not only voiced no objection to the manslaughter instruction at the time it was given, but obtained an instruction advising the jury not to compromise its verdict. The last instruction complemented others obtained by the defendant portraying his defense that McMorris' death occurred by accident or misfortune. Overall, the instructions obtained by the parties properly informed the jury of the law of the case.
The record before us discloses sufficient evidence to support the verdict and there being no prejudicial error revealed by defense counsel or apparent from our study, we conclude that the judgment should be affirmed.
Affirmed.
RODGERS, P.J., and INZER, SMITH and BROOM, JJ., concur.