315 So.2d 925 (1975)
Alfred KING, Jr.
v.
STATE of Mississippi.
No. 48567.
Supreme Court of Mississippi.
July 7, 1975.
Riddell & Dabbs, Gilford F. Dabbs, III, Quitman, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, SMITH and WALKER, JJ.
WALKER, Justice.
The appellant Alfred King, Jr. was indicted in the Circuit Court of Clarke County, Mississippi, for the murder of Cora Mae Dumas but was convicted of manslaughter and sentenced to ten years in the state penitentiary. We affirm.
*926 The appellant assigns as reversible errors the following:
(1) The trial court committed reversible error in granting the state's instruction no. 2 and refusing to grant unto defendant requested instruction nos. 5 and 7.
(2) The trial court committed reversible error in failing at the close of the state's case to grant defendant's motion to exclude the evidence of the state and a verdict of "not guilty" directed for the defendant; in failing to grant defendant's motion to exclude the evidence of the state and find the defendant "not guilty" and discharge him at the end of the trial and in failing to cure these defects by overruling defendant's motion for a new trial and the verdict of the jury was contrary to the overwhelming weight of the evidence.
Instruction no. 2 granted for the state was a definition of the term "malice aforethought." We need only point out that the appellant was convicted of manslaughter and therefore may not now complain of the giving of an instruction dealing with murder, even if erroneous, which we are not compelled to decide. Minor v. State, 302 So.2d 248 (Miss. 1974); Bragg v. State, 210 So.2d 652 (Miss. 1968).
Instruction no. 5 refused the appellant was what is commonly referred to as the "two-theory instruction." This instruction is only proper in cases of circumstantial evidence, Kitchens v. State, 300 So.2d 922 (Miss. 1974) and La Fontaine v. State, 223 Miss. 562, 78 So.2d 600 (1955), and this is not such a case.
Instruction no. 7 refused the appellant was that before the jury could convict the defendant that "... you must exclude every reasonable hypothesis consistent with his innocence; and that if there is a reasonable hypothesis consistent with his innocence then it is your sworn duty to find him not guilty." This instruction was properly refused as it is also proper only in circumstantial evidence cases. Irvin v. State, 258 So.2d 241 (Miss. 1972); Gilleylen v. State, 255 So.2d 661 (Miss. 1971).
The appellant's conviction did not rest upon circumstantial evidence. There was an eyewitness to the shooting who testified in great detail as to what happened. The credibility of the witness and the weight and worth to be given his testimony was for the jury to decide. The verdict is evidence that the jury believed the eyewitness King and not the appellant, which they had a right to do.
As to appellant's second assignment of error, that the verdict of the jury was contrary to the overwhelming weight of the evidence, we would point out that there were two versions of how the shooting occurred. The appellant testified in his own behalf to the effect that on the day of the shooting he and Bobby Ray King, a witness for the state, returned to their home on the evening of June 15, 1974, and that after speaking to Cora Mae Dumas, he continued to his room to take off his shoes; that he discovered his rifle lying between the coffee table and the bed and when he reached to pick it up with his left hand it went off striking the deceased who was standing behind him combing her hair.
The jury also had testimony of the investigating officers that before Cora Mae died she made the statement that the shooting was an accident.
To the contrary, Bobby Ray King, a witness for the state, testified that he and Cora Mae Dumas were talking when appellant became mad, went to his truck, got his gun and returned to the house where he accused Cora Mae of going with Bobby Ray King  which Cora Mae denied; that appellant accused Cora Mae of lying; and, that from a distance of five or six feet appellant pointed the rifle directly at her, *927 "... turned his head, and gritted his teeth, and squeezed the trigger."
The deceased died a short while later after being carried to the hospital.
This presents a classic case of conflicting evidence for a jury to decide, and in such case their verdict will not be disturbed in the absence of a showing of bias, passion, prejudice or fraud, none of which are suggested by this record. Campbell v. State, 278 So.2d 420 (Miss. 1973); Murphree v. State, 228 So.2d 599 (Miss. 1969).
Finding no reversible error in this record, this case is affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER, ROBERTSON, SUGG and BROOM, JJ., concur.