315 So.2d 917 (1975)
Carrie Mae HAILES
v.
STATE of Mississippi.
No. 48603.
Supreme Court of Mississippi.
July 21, 1975.
Raynold Lee Willett, Laurel, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, ROBERTSON and BROOM, JJ.
BROOM, Justice:
Tried upon a murder indictment, the appellant was convicted of manslaughter in the Circuit Court of the Second Judicial District of Jones County. From the judgment which required her to serve fifteen years in the state penitentiary, she appeals. We affirm.
Issues raised mainly relate to jury instructions and the sufficiency of the evidence.

FACTS
On July 19, 1974, appellant shot and killed Evans after she and several others had been partying and drinking together. She shot Evans just after an altercation developed concerning several youths who were reluctant to remove themselves from off her vehicle which was parked at an establishment known as "Dan Dansby's." The state's case showed that appellant used foul, abusive, and threatening language at the boys and then shot her companion, Evans, after he "put her in the car" and began to drive away as she "was begging him not to drive away."
Her version was that the boys on her car intimidated her and "I shot down at their foots." She said that then as one Gammage "snatched her inside the car," the gun went off accidentally killing Evans whom she described as her best friend.

I.
Appellant argues that the trial court committed reversible error in granting state's instruction No. 5:
The Court instructs the Jury for the State of Mississippi that while malice *918 aforethought is a necessary ingredient to the crime of murder, still, "malice aforethought" means the same as killing a human being with the deliberate design to effect the death of the person killed; and that this malice aforethought and deliberate design does not necessarily mean hatred or ill will, and need not exist in the mind of the Defendant for any definite time, not for days or hours and even minutes, but if the deliberate design to kill exists at the very time of the killing, this is sufficient premeditation and deliberation to constitute the offense.
In Pittman v. State, 297 So.2d 888 (Miss. 1974), this Court reversed a murder conviction on account of a similar instruction which was given to the jury. However, in the present case appellant was convicted of manslaughter. Though the instruction was erroneously given, the error was not fatal because our rule is that one convicted of manslaughter may not complain of the giving of a murder instruction. Minor v. State, 302 So.2d 248 (Miss. 1974); Bragg v. State, 210 So.2d 652 (Miss. 1968).

II.
Other assignments of error argued by the appellant concern the sufficiency of the evidence. Testimony showed that, while engaged in the commission of an unlawful act, she killed Evans with a deadly weapon. The Mississippi statute (Miss. Code Ann. § 97-3-17 (1972)) defining excusable homicide does not extend to homicide committed in the course of an unlawful act nor to homicide committed with a deadly weapon. Powell v. State, 279 So.2d 161 (Miss. 1973). The jury had before it conflicting versions of different eye witnesses who testified at the trial and accepted as true the testimony of the state to the effect that the appellant pointed the .22 caliber pistol at Evans and shot him for no justifiable reason. We find in the record sufficient evidence to support the verdict of guilty which was returned by the jury.
We have considered other assignments of error presented in the appellant's brief but find no merit in any of them.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.