339 So.2d 980 (1976)
Thomas M. SCHWARZAUER
v.
STATE of Mississippi.
No. 49389.
Supreme Court of Mississippi.
November 16, 1976.
Rehearing Denied December 14, 1976.
Royals & Taylor, Robert H. Taylor, Jr., Thomas E. Royals, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, SUGG and BROOM, JJ.
BROOM, Justice, for the Court:
Double jeopardy is urged as ground for reversal of defendant's manslaughter conviction which resulted from his second trial on a murder indictment in the Circuit Court of the First Judicial District of Hinds County. Sentence imposed was fifteen years imprisonment, which we affirm.
Defendant (appellant, Schwarzauer) shot and killed one Rogers near midnight December 15, 1974, at the Out-Of-Bounds Lounge in Jackson. Differences between the two men existed concerning Rogers' alleged failure to keep up-to-date his support payments for defendant's step-daughter (Rogers' daughter). The episode occurred in the parking lot after the parties had differences with each other inside the lounge. Defendant says that Rogers physically assaulted him in the parking lot and in response he (defendant) armed himself with a rifle and approached Rogers, who was inside a truck. According to the defendant, his rifle accidently discharged, resulting in Rogers' death.
The murder indictment against the defendant was returned in March 1975 and *981 trial began May 21, 1975. Next day, after issue was joined and the state put on some proof, the circuit judge declared a mistrial because of the fact that during the night two jurors became separated from the others and visited in the motel lobby. Previously the judge had sequestered the jurors and expressly instructed them to remain together. Trial was accordingly aborted and delayed until the September Term before another trial judge, who overruled the defendant's motion to dismiss. It is not absolutely clear as to whether the defendant actually objected to the mistrial when ordered, but the presiding judge (of the first trial) later testified that he didn't remember any objection. In support of the motion to dismiss, defense counsel testified that at the first trial when advised that a mistrial was under consideration he said to the judge in chambers, "we don't want a mistrial. We think we've got a winner and we'd just as soon go ahead." At the time the mistrial was ordered, no record was made of any objection or response of the defendant. The motion to dismiss (at the second trial) was based on the defendant's argument of double jeopardy "in violation of the Fifth Amendment of the United States Constitution, and Article III, section 22, Mississippi Constitution."
Defendant argues that he was illegally placed in double jeopardy when trial was begun the second time. Before the second trial, he moved to dismiss the indictment on the ground that his first trial had been ended by an improperly declared mistrial. In that posture, double jeopardy is argued and it is urged that the "Fifth Amendment prohibition against placing a person in jeopardy twice for the same offense is applicable to the states through the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution." He says that the trial judge "has the power and duty to order a mistrial in case of legal necessity for so doing."
Lampley v. State, 291 So.2d 707 (Miss. 1974), is cited as authority for the defendant's double jeopardy argument. There we did not hold that dispersal of trial jurors was proper  we simply held that a brief separation of two jurors from the others "should not vitiate the verdict". of guilty. Lampley did not state that the trial judge in his sound discretion could not have legally ordered a mistrial upon learning that the two jurors had become separated from the others. In Lampley the separation of the two jurors was by inadvertence, and not by their willful violation of instructions given them by the judge as happened in the case at bar. The rule is that such cases must be decided upon the particular facts and circumstances of each case and considerable discretion is vested in trial judges when confronted with technical problems which interrupt a jury trial. United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824).
We reject defendant's argument that in the instant case the trial judge "was so anxious to proceed with contempt charges against the two Jurors that the Appellant was literally thrown out of Court and forgotten." No testimony in the record substantiates such a conclusion. To the contrary, the record demonstrates that the mistrial was ordered because the judge felt compelled to take such action in order to protect the rights of the defendant and the state to the end that justice would be served.
When to uphold a plea of double jeopardy is not new to this Court. A century ago in Teat v. State, 53 Miss. 439 (1976), the problem (on different facts) was discussed. There the court recognized that "we will let each case stand upon its own facts." Text writers agree that the trial judge may in his discretion declare a mistrial and hold the defendant for another trial for various reasons including "the improper separation of the jury." 3 C. Torcia, Wharton's Criminal Procedure, § 519 (12th ed. 1975). Clearly there was an improper jury separation here even though under Lampley, supra, it may not have vitiated a jury verdict had the case proceeded to conclusion.
The action of the trial judge in granting the mistrial at the first trial cannot be said to be unreasonable, even though *982 another judge similarly situated might have followed a different course. We are unwilling to rule that the double jeopardy provision of the Fifth Amendment to the United States Constitution means that every time a defendant is put to trial he must be set free if the trial aborts and does not conclude with a final judgment. The better rule which we apply here is that trial judges are peculiarly situated so as to decide (better and more logically than anyone else) when a trial should be discontinued. Such action may be taken in proper cases, after which the defendant may be tried by another panel of jurors, when the trial judge reasonably concludes that the ends of justice would thereby be best served, even though the defendant objects. In such situations, and absent any indication of prosecutorial manipulation as is the case here, we will not reverse a criminal conviction. We recognize that the fair and orderly administration of justice requires that trial judges must have reasonable discretion in dealing with errant jurors who demonstrate their unwillingness to abide by the instructions of the court, or other unanticipated occurrences which transpire during trials. Our holding is in accord with Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), and Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), both of which recognize that there are no rigid rules that can be followed in every case where double jeopardy is argued. Upon this record, our judgment is that the trial judge in ordering the mistrial appropriately acted within his sound judicial discretion in furtherance of the ends of justice. Affirmance here is in accord with Bounds v. State, 271 So.2d 435 (Miss. 1973). Bounds rejected a plea of double jeopardy on the ground that the defendant's first trial did not result in his conviction or acquittal (as is true in instant case) pursuant to Mississippi Constitution of 1890, Article III, § 22.
We have carefully considered and find no merit in the defendant's argument that the trial court erred in refusing to grant a mistrial because of remarks made by the prosecutor in his final argument. His other assignment of error, that the verdict (guilty of manslaughter) was contrary to the overwhelming weight of the evidence, is without substance. These two propositions upon this record are not of sufficient merit to warrant discussion.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.