386 So.2d 1129 (1980)
Charlie MOSS
v.
STATE of Mississippi.
No. 52015.
Supreme Court of Mississippi.
August 20, 1980.
*1130 John L. Hopkins, Corinth, for appellant.
Bill Allain, Atty. Gen., by Carolyn B. Mills, Spec. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and BOWLING, JJ.
ROBERTSON, Presiding Justice, for the Court:
An indictment was returned by the grand jury of the Circuit Court of Alcorn County, against Charlie Moss, charging him with the murder of Robert Burkhalter on December 27, 1978. He was found guilty of manslaughter, whereupon the court sentenced him to 12 years in prison, with 7 years suspended. Appellant assigns as error that the court erred:
I. In overruling the defendant's motion to peremptorily instruct the jury to find the defendant "not guilty" at the close of all the testimony.
II. In overruling defendant's motion to exclude the statement purportedly given to the law enforcement officers.
III. In allowing sheriff Edwin Coleman to testify.
IV. In allowing photographs of the deceased to be introduced into evidence.
V. In giving an instruction which would have allowed the jury to return a verdict of "guilty" to murder.
*1131 Appellant also contends, on appeal, that the verdict of the jury was against the overwhelming weight of the evidence and was contrary to the law, and that the trial court erred in overruling his motion for a new trial.
Charlie Moss, his brother, Woodrow Moss, and a friend, Olen Rutherford, had been drinking at Charlie's trailer home near Corinth since 1:00 P.M. on December 26, 1978. Others had been there during the afternoon and some of them had been arguing and fighting on the road in front of Moss' trailer. Sheriff's deputies had been by about 9:30 P.M. to investigate the disturbance that afternoon.
Shortly after midnight, Robert Burkhalter entered the defendant's trailer and asked who had beaten up his friends. Moss stated that nobody had. Moss and Burkhalter argued and then Burkhalter grabbed a 12-gauge shotgun which was leaning up against the couch and shouted, "I'm going to kill every damn one of you." He ran out the trailer door toward the road. Moss grabbed his .30-caliber carbine from the gun rack, went to the trailer door, took aim, and shot Burkhalter in the upper left back. Moss stated that Burkhalter then shot him in the leg and Moss grabbed his 20-gauge shotgun and from the trailer door shot Burkhalter twice as he lay on the ground.
An autopsy was performed and the pathologist testified that the cause of death was the high-powered rifle shot in the upper left back. This shot fractured ribs and lodged in the left lung. The autopsy also revealed that Burkhalter had been hit in the lower back with 38 shotgun pellets.
After the shooting, Moss was taken to the hospital for treatment of his leg wounds and remained there until January 3, 1979. Upon his release from the hospital he was arrested and charged with the murder of Burkhalter. He was advised of his Miranda rights, signed a waiver of his rights in the presence of two witnesses, and then gave a statement which was reduced to writing by Alcorn County Deputy Sheriff Harold Mullins, read to Moss and then signed by him in the presence of three witnesses, Mullins, Chief Deputy Sheriff Terry Doles, and Deputy Sheriff Patricia Strachan.
At a preliminary hearing on the voluntariness of Moss' written statement, Mullins and Doles testified, both on direct examination and in rebuttal. Their testimony was that there were no threats, promises, force or pressure of any kind and that his statement was entirely voluntary. Deputy Strachan's absence was explained in a letter from her gynecologist that she was pregnant and within two weeks of delivery, and "should not be subjected to the trauma in a courtroom."
In our opinion, all the requirements set forth in Holt v. State, 348 So.2d 434 (Miss. 1977), and Agee v. State, 185 So.2d 671 (Miss. 1966), were met; the statement was entirely voluntary and was properly admitted into evidence.
Defendant's only plea was self-defense. He contends that his explanation of how it all happened was reasonable and plausible and that he was entitled to the benefit of the Weathersby Rule. Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). The physical facts (victim was shot in the back), the pathologist's testimony, and even defendant's own written statement refute his trial testimony that he shot in self-defense.
The trial court was correct in refusing a peremptory instruction for the defendant. The court was also correct in allowing the photographs of the deceased to be introduced into evidence. The photographs had legitimate evidentiary value in proving that Burkhalter was shot in the back with a high-powered rifle and a shotgun.
The trial court was also correct in allowing Sheriff Edwin Coleman to testify. His testimony was limited to the qualification of the photographs admitted into evidence. The fact that the sheriff's name was not on the list of witnesses furnished the defendant would not prohibit him from testifying under Rule 4.07 of the Uniform *1188 Criminal Rules of Circuit Court Practice. That Rule only covers notice to each side when defendant interposes a defense of alibi. The defendant never denied that he shot Burkhalter; he contended only that he shot in self-defense.
The trial court did not err in giving an instruction which would have allowed the jury to return a murder verdict. This Court has consistently held that one convicted of manslaughter may not complain of a murder instruction. King v. State, 315 So.2d 925 (Miss. 1975).
There was ample evidence adduced for the jury to find beyond a reasonable doubt that the defendant was guilty of manslaughter. The conviction and sentence are, therefore, affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.