# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KA-01292-SCT

*RONNIE C. COLLINS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/24/94 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | CLARKE CO. CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PETER K. SMITH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | E. J. MITCHELL, III |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/3/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

On March 3, 1992, Ronnie C. Collins was indicted for the December 29, 1991, murder and burglary of his ex-wife Annie Mae Collins. On October 21, 1992, Collins pled guilty to manslaughter before the Clarke County Circuit Court. The manslaughter plea was accepted as to the murder charge, and an order of *nolle prosequi* was entered on the burglary charge. Collins was sentenced to serve 20 years in prison for manslaughter.

Thereafter, on December 16, 1993, Collins moved to set aside his manslaughter conviction and alleged that a) additional evidence existed that would require vacation of the conviction; b) his plea was made involuntarily; and, c) he received ineffective assistance of counsel. The trial judge denied Collins' motion for post-conviction relief without a hearing. From that judgment, Collins appeals and raises the following issues:

**I. Whether the trial court erroneously denied Collins' PCR petition:**

**(a) because the trial judge arbitrarily and capriciously rejected evidence that was substantial and outweighed conflicting evidence; and**

**(b) by failing to give proper weight to this new evidence, whether the trial court erred in determining that the requirements of *Strickland v. Washington* were not met, given the fact that appellant's lawyer failed to conduct an elementary investigation of Collins' case which would have revealed the exculpatory evidence?**

**II. Whether the prosecution breached a duty to disclose the autopsy report which was exculpatory and material?**

## STATEMENT OF THE FACTS

Collins, armed with a sawed-off, 12-gauge shotgun, kicked in the door of his ex-wife's home and went to her bedroom. Her boyfriend jumped from the window, and Collins' ex-wife stepped between Collins and the window. The eyewitness, the victim's 13-year-old daughter (the appellant's former stepdaughter), stated to police that her mother was trying to get out the window and Collins shot her. Collins contended that his ex-wife charged him and that he held the gun over his head. Collins further alleged that a struggle over the gun ensued and that he accidentally shot his thumb and his ex-wife's face. The autopsy report supports Collins' theory. The victim was shot in the face at a downward angle of 25-40 degrees. She had powder residue on her hands. Collins apparently did not have the benefit of this report prior to entering his plea.

The morning of Collins' trial arrived, and his attorney announced that Collins wished to plead guilty to manslaughter (apparently to the surprise of the prosecution). A hearing was held, and Collins contended that the shooting was an accident, but he knew that his version of the story would be disputed by his stepdaughter. The trial judge would not accept his plea. The prosecution accused Collins of "playing with the system", and moved that Collins' bond be revoked until the trial. The court recessed, and at 1:30 that afternoon, Collins submitted an amended petition to enter a plea of guilty.

Collins had originally stated that he kicked down the door because he was afraid a burglary was taking place in the home where his ex-wife and his child lived. However, he later told the judge that he saw his child when he entered the house, and he did not think that a burglary was taking place. He admitted that he shot his wife as she was trying to get between him and her boyfriend. The judge then accepted his plea.

## LEGAL ANALYSIS

The trial judge denied Collins' PCR motion without an evidentiary hearing. This type of ruling is allowed under Miss. Code Ann. § 99-39-11(2), which provides that:

[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

Miss. Code Ann. § 99-39-11(2) (Supp. 1995).

All of the arguments raised by Collins are based on the premise that, but for the alleged error, Collins would not have entered a plea of guilty. Rather, he would have proceeded to trial and would have requested an excusable homicide instruction. That is, Collins contends that he accidentally shot his ex-wife and that it was an excusable homicide under Miss Code Ann. § 97-3-17, which provides as follows:

> The killing of any human being by the act, procurement, or omission of another shall be excusable:
>
> (a) When committed by accident and misfortune in doing any lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent;
>
> (b) When committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation;
>
> (c) When committed upon any sudden combat, without undue advantage being taken, and without any dangerous weapon being used, and not done in a cruel or unusual manner.

Miss. Code Ann. § 97-3-17 (Supp. 1996).

However, Collins is incorrect in arguing that this case falls under the excusable homicide statute. For over a century, our case law has interpreted this statute to mean that a homicide is not excusable when committed during the course of an illegal activity and/or with a dangerous weapon during sudden combat. *See Miller v. State*, 677 So. 2d 726, 730-31 (Miss. 1996)(interpreting *Nicholson ex re. Gollot v. State*, 672 So. 2d 744 (Miss. 1996); *Thibodeaux v. State*, 652 So. 2d 153 (Miss. 1995); *Nicolau v. State*, 534 So. 2d 168 (Miss. 1988); *Hailes v. State*, 315 So. 2d 917, 918 (Miss. 1975); *Powell v. State*, 279 So. 2d 161, 162 (Miss. 1973); *Wood v. State*, 2 So. 247 (Miss. 1887)). According to this line of cases, it is clear that Collins would not have been entitled to an excusable homicide instruction in this case -- even if he accidentally shot his ex-wife.

By his own admission, Collins retrieved a sawed-off shotgun from his car and kicked down the door of his ex-wife's home. He was looking for her boyfriend (presumably to assault him), and he did not suspect a burglar. Under these circumstances, even if Collins shot his ex-wife accidentally, he would not have been entitled to an excusable homicide instruction. The killing was committed during the course of several illegal acts (possession of an illegal firearm, trespass, breaking and entering, and perhaps burglary). For these reasons, Collins' argument that he would have been entitled to an excusable homicide instruction is incorrect. Therefore, all the errors asserted in Collins' PCR petition are without merit, and the judgment of the trial court denying Collins' PCR petition is affirmed, *per curiam.*

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**