726 So.2d 251 (1998)
Phil Glen TOWNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01176 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*253 Tom Sumrall, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE THOMAS, P.J., COLEMAN AND HINKEBEIN, JJ.
HINKEBEIN, J., for the Court:
¶ 1. Phil Glen Towner, though fifteen years old at the time of his offense, was tried as an adult and convicted in the Harrison County Circuit Court of manslaughter. Towner was sentenced to twenty years with five years suspended in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Towner appeals to this Court on the following grounds:
I. THE COURT ERRED IN FAILING TO SUSTAIN THE MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE IN CHIEF AND AT THE CONCLUSION OF THE TRIAL.
II. THE COURT ERRED IN REFUSING DEFENSE INSTRUCTION D-7, IN FAILING TO DEFINE CULPABLE NEGLIGENCE FOR THE JURY, AND IN GIVING INSTRUCTIONS S-3 AND S-8 AS SUBMITTED BY THE STATE. Holding these assignments of error to be without merit, we affirm the judgment of the circuit court.

FACTS
¶ 2. The pertinent facts in this case are, to a great degree, undisputed. On the morning of Saturday, November 9, 1996, fourteen-year-old Latisha Crawford was standing in front of her grandfather's home on the corner of Illinois and Jefferson Streets in Gulfport, Mississippi when Towner passed by on foot. The boy, with whom Latisha was acquainted through their attendance at the same school, paused for a few moments and struck up a friendly exchange. Shortly after Towner's approach, Latisha's cousin Monica also arrived with her mother for a brief visit. Though her mother exited the car and proceeded into the home, Monica remained outside with Latisha and Towner, who were still engaged in continuing conversation. While this trio stood on the street corner, Latisha's twelve-year-old sister, Tenisha, having apparently spotted the group from inside the house, appeared in the doorway. According to all who were present, Towner twice insulted the younger child by calling attention to her excessive weight. On both occasions Monica reprimanded him, supplementing her scoldings with "playful licks." Though Towner warned her, "All right, girl ... [y]ou have one more time to hit me and I'm going to have to shoot you," Monica did not take him seriously and responded, "With what, a rubber band?" With this retort, all, including Towner, burst into laughter. Unfortunately, Tenisha chose to join the older children in an attempt to discern the source of their amusement.
¶ 3. Though Monica's mother simultaneously re-emerged from the house and called her daughter to the car, as she left Monica quickly advised Tenisha, "You should beat Phil up because he's been talking about you." Moments later, with only Latisha left as a witness, her sister approached Towner and asked him to "stop playing." It is at this point that Towner's and Latisha's accounts diverge.
¶ 4. According to Latisha, who watched from only three feet away, he then walked *254 over to her sister, raising his right arm to the back of the child's head. Because his hand was encased entirely within the sleeve of an oversized jacket, she could not see a weapon. Nevertheless, Latisha claims to have heard the shot and seen the associated smoke as Tenisha fell to the ground and Towner ran away. According to Towner, Latisha noticed him wrangling with the handgun inside his coat and grabbed his arm out of curiosity as to the contents, accidentally causing the weapon to go off in Tenisha's direction. At any rate, following the young girl's subsequent death, and based upon the recollections of Monica and Latisha, Towner was indicted and tried for murder under § 97-3-19(1)(a). Mississippi Code Annotated § 97-3-19 (Rev.1994). Although he was ultimately convicted only of manslaughter, Towner now focuses primarily upon the decision to proceed with the more serious charge.

ANALYSIS

I. THE COURT ERRED IN FAILING TO SUSTAIN THE MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE IN CHIEF AND AT THE CONCLUSION OF THE TRIAL.
¶ 5. In his first assignment of error, Towner alleges that the trial court erred in refusing to grant a directed verdict on the murder charge, claiming that the prosecution offered no evidence indicative of deliberate design. Although the State does not respond directly, we nevertheless find no merit in Towner's assertion since the jury ultimately acquitted on this most serious accusation. Towner fails to recognize that where an accused, indicted for murder, is at trial entitled as of law to a directed verdict of acquittal on the murder charge, a subsequent jury verdict of guilty of the lesser offense of manslaughter cures the trial court's error in submitting the murder charge to the jury. See, e.g., Kinkead v. State, 190 So.2d 838, 839 (Miss. 1966); Crockerham v. State, 202 Miss. 25, 31-32, 30 So.2d 417, 419 (1947). With this well-established rule of law noted, we decline to examine this issue further.
¶ 6. As for the manslaughter conviction, both motions for directed verdict and motions for JNOV challenge the legal sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss.1993) (stating that motion for directed verdict tests legal sufficiency of evidence); McClain v. State, 625 So.2d 774, 778 (Miss.1993) (stating that motion for judgment of acquittal notwithstanding the verdict also tests legal sufficiency of the evidence). See also Strong v. State, 600 So.2d 199, 201 (Miss.1992) (stating that trial judge is bound by same law whether addressing motion for directed verdict or addressing request for peremptory instruction). Since both require consideration of the evidence before the court when made, this Court properly reviews the ruling only on the last occasion that the challenge was made in the trial court. McClain, 625 So.2d at 778. In this instance, that challenge was quelled when the circuit court denied Towner's motion for JNOV/new trial. See, e.g., Wetz v. State, 503 So.2d 803, 807-08 (Miss.1987).
¶ 7. Where a defendant moves for JNOV, the trial court considers all of the credible evidence consistent with the defendant's guilt, giving the prosecution the benefit of all favorable inferences that may be reasonably drawn from this evidence. McClain, 625 So.2d at 778. This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could not find the accused guilty. Wetz, 503 So.2d at 808 n. 3.
¶ 8. In this instance, jurors convicted Towner under § 97-3-47 of the Mississippi Code which characterizes the killing of a human being by culpable negligence as manslaughter. Miss.Code Ann. § 97-3-47 (Rev. 1994). The Mississippi Supreme Court has previously had several opportunities to examine the sufficiency of proof leading to such a verdict. For example, in Jernigan v. State, 305 So.2d 353 (Miss.1974), where a defendant claimed the firing of his gun was accidental, the court held that pointing a loaded gun at an individual supports a conviction of manslaughter by culpable negligence. Jernigan, 305 So.2d at 354 (Miss.1974). Similarly, in *255 Tait v. State, 669 So.2d 85 (Miss.1996), the court concluded that confirmation from one eyewitness that the defendant put a gun to his victim's head during horseplay supported his manslaughter conviction. Tait, 669 So.2d at 90. Holding these precedents against the applicable standard of review, we surmise that Towner's actions as described by Latisha during her trial testimony provided the criminal recklessness required by the statute. See Id. On that basis we hold this assignment of error to be without merit.

II. THE COURT ERRED IN REFUSING DEFENSE INSTRUCTION D-7, IN FAILING TO DEFINE CULPABLE NEGLIGENCE FOR THE JURY, AND IN GIVING INSTRUCTIONS S-3 AND S-8 AS SUBMITTED BY THE STATE.

Instruction D-4: Culpable Negligence Defined
¶ 9. Next, Towner argues that the trial judge erred in failing to define for jurors the term culpable negligence as used in § 97-3-47. Because the record reveals that defense counsel first submitted and then subsequently withdrew instruction D-4 which would have accomplished precisely that, we find no fault in the way the matter was handled below. As it is an appellant's duty to properly preserve an alleged error on the record, it was incumbent upon Towner to request an appropriate instruction here. See Ballenger v. State, 667 So.2d 1242, 1252 (Miss.1995). His failure to do so consequently precludes him from complaining on appeal that the instruction was not given. See Gray v. State, 472 So.2d 409, 416 (Miss.1985) (holding such in capital murder case where elements of underlying offense consequently remained undefined). With this in mind, we will neither impose upon trial courts a duty to instruct sua sponte nor require that they suggest instructions in addition to those which the parties tender. See Conner v. State, 632 So.2d 1239, 1254 (Miss.1993); Davis v. State, 173 Miss. 783, 163 So. 391, 392 (1935) (holding that in absence of instruction defining offense, it should be presumed that jury understood essential elements of crime). Whatever defense counsel's unstated motivation for withdrawing D-4, we forego placing the responsibility for such at the feet of the trial judge. See Lancaster v. State, 472 So.2d 363, 366 (Miss.1985) (stating that criminal defendants may not shift blame for their tactical decisions to trial judge). Therefore we hold this contention to be without merit.

Instruction S-3: Deliberate Design
¶ 10. Additionally, Towner contends that the trial court erred in giving instruction S-3 which reads as follows:
The Court instructs the Jury that design to kill is all that is required by Mississippi law to make a homicide a murder. Deliberate design means intent to kill, without authority of law and not being legally justifiable, legally excusable or under circumstances that would reduce the act to a lesser crime.
¶ 11. Aside from a passing notation that S-3 was not served upon defense counsel in a timely fashion, presumably as required by Rule 3.07 of the Uniform Rules of Circuit and County Court, Towner argues only that the instruction "is an indication of the erroneous statements of law submitted to the jury which lead to an erroneously based verdict," providing no further explanation or citation to relevant authority. We reciprocate with equal brevity.
¶ 12. In addressing this assignment of error we need only note once more that Towner was convicted of manslaughter, not murder. This was tantamount to a verdict by the jury of not guilty of the crime of murder and, as such, precludes any claim of prejudice originating from the targeted murder instruction. Carter v. State, 402 So.2d 817, 819 (Miss.1981). Consequently, he may not now levy complaints regarding S-3. See, e.g., Minor v. State, 302 So.2d 248, 249 (Miss. 1974); Hailes v. State, 315 So.2d 917, 918 (Miss.1975) (finding no error where, after trial under indictment for murder, defendant was convicted of manslaughter, because he was not prejudiced by trial's giving erroneous murder instruction concerning definition of "malice aforethought"). Whether or not the instruction was erroneous, in this instance its use was not fatal.

*256 Instruction D-7: Accident or Misfortune Defense

¶ 13. Towner also urges this Court to find error in the trial court's refusal to give instruction D-7, which reads as follows:
The Court instructs the jury that if you believe from the evidence in this case, or have a reasonable doubt therefrom, that: Tenisha Crawford died as the result of the discharge of a hand gun which was, at the time of the fatal shot, in the possession of Phil Glen Towner but, that the fatal shot was fired through accident and misfortune, at a time when Phil Glen Towner had no unlawful intent toward Tenisha Crawford then the death of Tenisha Crawford is deemed by the law to have been an excusable homicide and you must find the defendant "not guilty."
He contends that the lower court's action devastated his defense as the instruction represented his only avenue to putting his theory of the case, that his gun went off accidentally, before jurors. However, we agree with the trial judge that D-7, an excusable homicide instruction, is without evidentiary foundation in this instance since its genesis, § 97-3-17, does not extend to homicides committed during the course of unlawful acts.
¶ 14. Section 97-3-17 provides for three scenarios in which a homicide may be excusable:
(a) When committed by accident and misfortune in doing any lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent;
(b) When committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation;
(c) When committed upon any sudden combat, without undue advantage being taken, and without any dangerous weapon being used, and not done in a cruel or unusual manner.
Because he employed a dangerous weapon without provocation, Towner is left to rely upon section (a), which our supreme court has consistently refused, as noted below, to extend to those homicides "committed in the course of an unlawful act." Hailes v. State, 315 So.2d 917, 918 (Miss.1975) (citing Powell v. State, 279 So.2d 161 (Miss.1973)). See also Nicholson ex rel. Gollott v. State, 672 So.2d 744, 753 (Miss.1996) (holding excusable homicide instruction inapplicable to fatal shooting which allegedly occurred during unlawful attempt to commit suicide); Thibodeaux v. State, 652 So.2d 153, 167 (Miss.1995) (affirming trial court's refusal of excusable homicide instruction where defendant claimed that his gun accidentally discharged while he was unlawfully "headlighting" deer).
¶ 15. Applying this precedent to the instant facts, Towner has himself admitted to carrying a concealed weapon during these events. By all accounts this action, a misdemeanor under § 97-37-1, lead to Tenisha's death.[1] Whether he intended to fire the gun or not, it discharged as he was engaged in an unlawful act, a fact that undeniably makes him guilty, at least, of manslaughter. See Long v. State, 163 Miss. 535, 538, 141 So. 591, 594 (1932) (affirming rejection of excusable homicide instruction where accused unlawfully pointed pistol at deceased).
¶ 16. A defendant such as Towner is indeed entitled to have an instruction on his theory of the case. Murphy v. State, 566 So.2d 1201, 1206 (Miss.1990). However, this right is tempered by a trial court's authority to refuse any instruction which (1) incorrectly states the law, (2) is without evidentiary foundation, or (3) is covered elsewhere. Murphy, 566 So.2d at 1206. Because the case sub judice falls within this discretionary realm, we hold that the trial court has under no obligation to grant Towner's instruction D-7. This issue is consequently without merit.

Instruction S-8: Presumed Intent
¶ 17. Finally, Towner assigns error to the trial court's giving of instruction S-8 which reads as follows: "The Court instructs the Jury that a person intends the ordinary consequences of his voluntary acts." Claiming *257 that S-8 essentially counsels jurors to presume intent to kill thereby invading their province, he urges that we find reversible error. Although the State again fails to respond, we nevertheless hold this contention to be without merit based upon the trial's ultimate outcome.
¶ 18. Though he cites none, Towner's assertion is based upon well rooted case law. For instance, our supreme court held in Funches v. State, 246 Miss. 214, 148 So.2d 710 (1963), where the determinative issue was whether a fatal shooting was deliberate or accidental, that an instruction on the presumption of malice aforethought was improper. Funches, 246 Miss. at 217, 148 So.2d at 711. Therein the court reversed the appellant's murder conviction while writing that the language used "may well have been understood by the jury as intimating that defendant intentionally used the deadly weapon... [w]ith such understanding, the jury would necessarily conclude that malice aforethought could be presumed." Id. Later, in Hydrick v. State, the court expressly held that where specific intent is the gist of the offense charged and therefore the prosecution's responsibility to prove beyond a reasonable doubt, the trial judge should refrain from instructing jurors on related presumptions of evidence. Hydrick v. State, 246 Miss. 448, 452, 150 So.2d 423, 425 (1963). In reviewing a conviction for assault and battery with intent to kill based upon the use of an instruction similar to that questioned here, the Hydrick court wrote that "[w]here a crime consists of an act, combined with a specific intent, the intent is just as much an element of the crime as the act. In such cases, mere general malice or criminal intent is insufficient, and the requisite, specific intent must be shown as a matter of fact, either by direct or circumstantial evidence." Id. (citing 22 C.J.S. Criminal Law § 32, p. 11). With this, the court reversed and remanded for a new trial equating the instruction with an attempt to bolster the evidence introduced and/or supply facts required to be proven by the State, Id., but not before noting the applicability of the stated concept and instructions thereupon elsewhere in the criminal arena. Id.
¶ 19. Funches and Hydrick make clear that the giving of instruction S-8 was inappropriate as to the murder charge. However, we must again recognize that Towner was convicted not of murder, but of manslaughter, which merely requires that the prosecution prove culpable negligence via the "conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as the result of the willful creation of an unreasonable risk." Campbell v. State, 285 So.2d 891, 893 (Miss.1973). Section 97-3-47 does not require intent to kill. See Craig v. State, 520 So.2d 487, 491 (Miss.1988) (characterizing § 97-3-47 as an involuntary manslaughter statute); Lester v. State, 692 So.2d 755, 789 (Miss.1997) (comparing elements of § 97-3-27 manslaughter and § 97-3-19(2)(f) capital murder). Rather, the criminal intent is inferred from proof of chargeable imprudence. Campbell v. State, 285 So.2d 891, 893 (Miss.1973); Smith v. State, 197 Miss. 802, 805, 20 So.2d 701, 704 (1945). Because no prejudice resulted from the use of the offensive instruction in this instance, we hold this assignment of error to be without merit as well. Carter v. State, 402 So.2d 817, 819 (Miss.1981); Hailes v. State, 315 So.2d 917, 918 (Miss.1975).
¶ 20. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.
NOTES
[1] Misdemeanors are considered unlawful acts in the context of § 97-3-17. Nicholson ex rel. Gollott v. State, 672 So.2d 744, 753 n. 3 (Miss.1996).